IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AREALEUS K. MORRIS,

    Petitioner,

v.                                                                 CASE NO. 1:13-cv-47-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,[1]

    Respondent.

_____/

## O R D E R

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has neither paid the $5.00 filing fee nor filed a motion for leave to proceed as a pauper. Further consideration of the petition will be deferred until payment is received or Petitioner is granted leave to proceed as a pauper.

Accordingly, it is **ORDERED AND ADJUDGED:**

1  That the Clerk shall forward to Petitioner an application for leave to proceed as a pauper;

2.  That Petitioner shall have until **April 3, 2013** to either file an application for leave to proceed as a pauper or to pay the $5.00 filing fee;

3.  **That failure to comply with this order as instructed, or to show cause as to why Petitioner is unable to comply, may result in the dismissal of this case for failure to prosecute and failure to comply with an order of this**

---

[1]The Clerk is directed to change the docket to reflect that the Secretary of the Florida Department of Corrections is the Respondent in this case.

**court.**²

**DONE AND ORDERED** this 4th day of March 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

² Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post- conviction relief is pending, see *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. See *Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review <u>does not</u> toll the one-year limitation period under § 2244(d)(2)).