IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AREALUS K. MORRIS

      Petitioner,

v.                                        CASE NO. 1:13-cv-47-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 Alachua County convictions for burglary and grand theft.  (Doc. 1.)   Now pending before the Court is Respondent's Motion to Dismiss Habeas Petition as Untimely.  (Doc. 12.)  Petitioner has filed a Response.  (Doc. 16.)  Upon due consideration of the motion to dismiss, the Petitioner's response, and the state-court record, the undersigned recommends that the motion to dismiss be granted.[1]

## One-Year Limitations Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## The Instant Petition is Untimely

Petitioner's state court procedural history is as follows: Following a jury trial, Petitioner was convicted of (1) burglary of a dwelling; (2) theft; and, (3) burglary. (Doc. 12, Exh. A.) He was sentenced on October 18, 2005 as a Prison Releasee Reoffender to 15 years imprisonment for Count 1 and concurrent five-year terms on the other two counts. Petitioner appealed his conviction, which was affirmed without opinion by the First DCA on January 4, 2007. (Exhs. K-L); *Morris v. State,* 947 So. 2d 442 (Fla. 1st DCA 2007). Petitioner's conviction became final 90 days later, on April 4, 2007, when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

The one-year limitations ran for **219 days** from after April 4, 2007 until November 8, 2007, when Petitioner filed a *pro se* Rule 3.800(a) motion to correct illegal sentence.

(Exh. M.)  The state court granted voluntary dismissal on February 29, 2008.  (Exh.  N.)

The limitations period then resumed and passed for **44 days** until Petitioner filed his *pro*

*se* Rule 3.850 motion for postconviction relief on April 13, 2008.  The state

postconviction court denied the Rule 3.850 motion on September 19, 2008, and it

became final October 18, 2008.  The limitations period then resumed again, and

expired **102 days** later, on January 28, 2009.[2]  Plaintiff provided the instant federal

habeas officials for mailing on February 22, 2013.  (Doc. 1.)  Plaintiff raises five claims

of ineffective assistance of trial counsel.

Petitioner appears to concede that his petition was not timely filed within one

year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). However, he

does argue that his petition is timely under § 2244(d)(1)(C), which allows the limitations

period to run from "the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner argues that the U.S. Supreme Court's decision in *Martinez v. Ryan*, 132 S.

Ct. 1309 (2012) provides the basis for the application of  § 2244(d)(1)(C).

In *Martinez,* the Court addressed issues of exhaustion and procedural default in

---

[2]Although Petitioner filed a notice of appeal from the postconviction court's denial of his Rule 3.850 motion, it was untimely, and the First DCA dismissed the appeal as untimely filed.  (Exh. Q.)  Because the notice of appeal was untimely and therefore not properly filed, the appeal did not toll the limitations period, and it resumed after the postconviction court's decision became final.  Even if the Court did consider the untimely appeal was a tolling event, the instant petition would still have been filed well outside the limitations period.  More than a year passed between when mandate issued in the untimely appeal (March 3, 2009) and when the next post-conviction motion was filed on March 9, 2010.  (Exhs. Q, S.)

holding that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1321. *Martinez* did not address the AEDPA one-year limitations period or equitable tolling. Petitioner's argument that his petition is timely under *Martinez* is unavailing. While the holding in that case may assist him in pursuing some of his unexhausted claims of ineffective assistance of trial counsel, the Court cannot reach that issue until the issue of timeliness is resolved. *Martinez* was a significant case, but it did not set forth a new rule of constitutional law. The Court specifically declined to address lingering constitutional questions and instead qualified its earlier holding in *Coleman v. Thompson,* 501 U.S. 722 (1991). *Id.* at 1315. The Court in *Martinez* further discussed the "differences between a constitutional ruling and the equitable ruling of this case." *Id.* at 1319. *Martinez* clearly did not set forth a new constitutional right and therefore does not provide a basis for re-starting the limitations period under § 2244(d)(1)(C).[3]

    To the extent Petitioner alleges that the U.S. Supreme Court's decision in

---

    [3] *See James v. Secretary, Dept. of Corrections,* 2012 WL 2885938 (M.D. Fla. 2012) (finding *Martinez* inapplicable in analyzing timeliness of habeas petition); *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013) ("the rule of *Martinez*, while new, is not a rule of constitutional law); *Adams v. Thaler,* 679 F.3d 312 (5th Cir. 2012) (holding that "the Court's decision [in *Martinez*] was an 'equitable ruling' that did not establish 'a new rule of constitutional law.'"); *Saunders v. Lamas*, 2013 WL 943351, at *3 (E.D. Pa. 2013) ("Because *Martinez* did not purport to describe a constitutional right, let alone make it retroactively applicable, the alternate start date under Section 2244(d)(1)(C) cannot apply to render the petition timely filed."); *Yow v. Thaler*, 2012 WL 2795850, at *8-*10 (N.D. Tex. 2012) ("[T]he *Martinez* case is inapplicable to Petitioner's statute of limitations issues.").

*Missouri v. Frye*, 132 S. Ct. 1399 (2012) might also provide a basis to apply §

2244(d)(1)(C), the Eleventh Circuit has already held that *Frye* did not announce a new

rule of constitutional law.  *In re Perez*, 682 F.3d 930, 932-34 (11ᵗʰ Cir. 2012).

Accordingly, because Petitioner did not file the instant habeas petition until a

year after the limitations period had already expired, his petition is due to be dismissed

as time-barred unless he can demonstrate entitlement to equitable tolling or some other

exception to AEDPA's one-year limitations period.

### Petitioner is Not Entitled to Equitable Tolling

"Equitable toling can be applied to prevent the application of AEDPA's statutory

deadline when 'extraordinary circumstances' have worked to prevent an otherwise

diligent petitioner from timely filing his petition."  *Helton v. Sec'y for Dept' of Corr.,* 259

F.3d 1310, 1312 (11ᵗʰ Cir. 2001).  It is "an extraordinary remedy which is typically

applied sparingly."  *Steed v. Head*, 219 F.3d 1298, 1300 (11ᵗʰ Cir. 2000).  "The burden

of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."

*Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11ᵗʰ Cir. 2002).  To demonstrate

entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v.

DiGuglielmo,* 544 U.S. 408, 418 (2005)).

To the extent that Petitioner alleges he is entitled to equitable tolling under

*Martinez,* his contention is without merit.  As discussed above, *Martinez* did not address

equitable toling or the AEDPA limitations period.  Furthermore, courts in this District and

elsewhere have made clear that *Martinez* does not create a basis for equitable tolling of

the limitations period. *See, e.g., Culver v. Crews*, 2013 WL 1278968 (N.D. Fla. 2013) (declining to find that *Martinez* provided a basis for equitable tolling of the AEDPA limitations period); *Wise v. Rozum,* 2013 WL 579659 (M.D. Pa. 2013) ("The *Martinez* decision did not allow for equitable tolling of the AEDPA deadlines."); *Kingsberry v. Maryland*, 2012 WL 2031991 (D. Md. 2012) ("*Martinez* did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief here.").

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

### Recommendation

Petitioner did not file the instant habeas petition within one-year limitations period set forth in § 2244(d)(1).  He has not demonstrated entitlement to equitable tolling, and does not claim actual innocence.  Accordingly, the instant habeas petition is untimely and due to be dismissed.

Accordingly, it is respectfully **RECOMMENDED:**

1. The motion to dismiss, Doc. 12, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DENIED**.

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 27th day of November 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.