IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AREALEUS K MORRIS,

      Petitioner,

v.                                         CASE NO. 1:13-cv-00047-MP-GRJ

FLORIDA DEPARTMENT OF CORRECTIONS, SECRETARY DEPARTMENT OF
CORRECTIONS,

      Respondents.

_____/

# O R D E R

      This matter is before the Court on Doc. 17, Report and Recommendation of the

Magistrate Judge, which recommends that Respondent's Motion to Dismiss be granted and that

Petitioner's habeas claims be denied. The parties have been furnished the Report and

Recommendation and have been afforded an opportunity to file objections pursuant to Title 28,

United States Code, Section 636(b)(1). I have made a *de novo* determination of Petitioner's

timely objections and have determined that the Report and Recommendation should be adopted.

      The instant petition raises several claims of ineffective assistance of counsel at trial.

Pursuant to 28 U.S.C. § 2244(d), such petitions must be brought within a one-year limitations

period. The tolling period runs from the latest of the following scenarios:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of time for seeking such review; (B) the date on which
> the impediment to filing an application created by State action in violation of the
> Constitution or laws is removed, if the applicant was prevented from filing by
> such State action; (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on collateral
> review; or (D) the date on which the factual predicate of the claim or claims could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, Petitioner was sentenced on October 18, 2005 for (1) burglary of a dwelling; (2) theft; and (3) burglary. (Doc. 12, Exh. A). Subsequent to his sentencing, Petitioner filed a series of motions and appeals to either overturn his conviction or change his sentence. (Exh. K-N). Although the filing of these motions and appeals partially tolled the one-year limitations period under 28 U.S.C. § 2244(d)(1)(A), the limitations period expired on January 28, 2009. Petitioner filed the instant habeas petition on February 22, 2013, well after the one-year expiration.

Petitioner essentially concedes that the one-year limitations period expired under 28 U.S.C. § 2244(d)(1)(A). He, however, argues that his petition is timely pursuant to any of the other three limitations periods provided in 28 U.S.C. § 2244(d)(1). (Docs. 16, 19).

Turning first to 28 U.S.C. § 2244(d)(1)(B), this statute contemplates a scenario in which some State action that was in violation of the Constitution or federal law resulted in an impediment to Petitioner's filing of his habeas claim that did in fact prevent Petitioner's filing. The one-year limitations period begins to run on the date that the impediment is removed. Petitioner argues that the State impediment in this case was the creation of a procedural default to his ineffective assistance of counsel claim due to the actions of his post-conviction counsel. Petitioner further argues that the Supreme Court lifted this impediment on March 20, 2012, with its opinion in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

In *Martinez,* the Supreme Court allowed review of a procedurally defaulted claim where the petitioner showed excuse for the default. *Id.* at 1315. Martinez, facing a procedural default for ineffective assistance of trial counsel due to the alleged ineffective assistance of counsel at an initial-review collateral proceeding, filed a petition for habeas review. Therein, he alleged that

such ineffective assistance of counsel at the collateral proceeding created an excuse from the default. *Id.* The Court's holding was limited to whether a party is entitled to habeas review in such circumstances. *Id.* at 1320.

Petitioner would have the holding in *Martinez* serve as the statutorily required removal of a State impediment. However, precedent does not impede a petitioner from filing a habeas petition. *Shannon v. Newland*, 410 F.3d 1083, 1087-88 (9th Cir. 2005). In *Shannon*, the petitioner claimed that the appellate court was bound by state supreme court precedent, and until that precedent was overturned, the federal court was bound to the same interpretation. *Id.* at 1087. However, such precedent did not create an impediment to filing, but merely a challenge to the legal basis of the petition. *Id.* The Ninth Circuit also noted that caw law applying 28 U.S.C. § 2244(d)(1)(B) has typically been confined to incidents where prison officials interfere with an inmate's ability to prepare and file a habeas petition. *Id.*

Consequently, *Martinez* may not serve as the removal of a State impediment. As such, the instant habeas petition does not fall under the timeliness exception in 28 U.S.C. § 2244(d)(1)(B). As happened in *Martinez*, Petitioner should have filed his petition in a timely manner and attempted to show excuse for the default.

Next, concerning the limitations period under 28 U.S.C. § 2244(d)(1)(C), the one-year period runs from the date on which a constitutional right was first recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Petitioner claims that *Martinez* recognized a new constitutional right in cases where ineffective assistance of counsel in a collateral proceeding results in a procedural default of a habeas claim for ineffective assistance of counsel at the underling proceeding. The constitutional right would allow the federal court to review a habeas petition on those grounds, despite the procedural default. Doc.

19.  However, the Supreme Court clearly stated that *Martinez* was an equitable ruling and did not create a new constitutional right.  *Martinez*, 132 S. Ct. at 1319.  It further held that the ruling did not affect the state collateral cases on direct review.  *Id.* at 1320.  Since *Martinez* did not create a new constitutional right, it does not alter the limitations for Petitioner under 28 U.S.C. § 2244(d)(1)(C).

Finally, under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period runs from the date on which Petitioner could have discovered the factual predicate of his habeas claim through the exercise of due diligence.  Petitioner argues that the date of the *Martinez* ruling serves as this date.  However, the date of the discovery of the factual predicate begins on the day that the Petitioner knew or should have known that he received ineffective counsel, not the day that he learned he might have a claim as a result of that fact.  *See Johnson v. United States*, 340 F.3d 1219, 1224 (11th Cir. 2003) (holding that such date is the day the defendant learned the facts supporting his claim); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (noting that the time begins when the important facts are known, not when the facts' legal significance are known);  *Lerma v. Lewis*, 921 F. Supp. 2d 949, 953 (N.D. Cal. 2013) (same); *Silva v. Roden*, No. 11-10944-JGD, 2013 WL 3238325, at *4 (D. Mass. June 26, 2013) (same). The ruling in *Martinez* did not create the date upon which the factual predicate of Petitioner's claims were discovered and did not begin the one-year period of limitations.

Petitioner also claims that he should be entitled to equitable tolling pursuant to the *Martinez* ruling.  Doc. 19.  However, as the Magistrate correctly notes, courts in this District and elsewhere have made clear that *Martinez* does not create a basis for equitable tolling of the limitations period.  *See, e.g.*, *Culver v. Crews*, No. 3:11CV606, 2013 WL 1278968 (N.D. Fla.

2013) (declining to find that *Martinez* provides a basis for equitable tolling of the AEDPA

limitations period).  Equitable tolling is an extraordinary remedy and appropriate only where

unavoidable circumstances beyond Petitioner's control prevent timely filing.  *See Sandvik v.*

*United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (finding that error by Sandvik's counsel did

not warrant equitable tolling).  Petitioner failed to diligently pursue every avenue of relief and

any error by Petitioner's counsel does not warrant equitable tolling.

Petitioner finally argues that *Martinez* expands the habeas claims that may be brought

under 28 U.S.C. § 2264(a) so as to warrant review of the instant petition.  Section 2264(a)

provides that the district court may only consider claims in a habeas petition where those claims

were raised and decided on the merits in State court, unless the failure to properly raise the

claims is the result of State action in violation of the United States Constitution.  In *Martinez*, the

Court provided the opportunity for  a district court to hear a claim for ineffective-assistance of

trial counsel despite a procedural default in an initial-review collateral proceeding.  *Martinez*,

132 S. Ct. at 1318.  However, the Court did not create an exception to the one-year limitations

period.  Consequently, even if Petitioner was able to establish an excuse from procedural default

under *Martinez*, he must still overcome the timing limitations set forth in 28 U.S.C. § 2244(d)(1),

which he cannot.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Magistrate Judge's Report and Recommendation is adopted and incorporated
        by reference in this order.

2.      The Respondent's Motion to Dismiss Habeas Petition as Untimely, Doc. 12, is
        GRANTED.

3.      The Petition for Writ of Habeas Corpus, Doc. 1, is DENIED.

4.      A Certificate of Appealability is DENIED.

**DONE AND ORDERED** this  17th  day of January, 2014


                    *s/Maurice M. Paul*
                    Maurice M. Paul, Senior District Judge